Joyce BARNES, Relator,

v.

The Honorable John WHITTINGTON, Judge, et al., Respondents.

No. C-6754.

Supreme Court of Texas.

June 1, 1988.

Lew Weisbrod and Barbara Sanzo, Weisbrod & Weisbrod, Dallas, for relator.

**494**

Larry Hayes, Cantey, Hanger, Gooch, Munn & Collins, Fort Worth, for respondents.

MAUZY, Justice.

This mandamus action arises out of a request for production of documents in a medical malpractice case. In ruling on Relator Joyce Barnes' motion to compel production, Respondent, Judge John Whittington, found that documents requested from Midway Park General Hospital were privileged committee records under Tex.Rev. Civ.Stat.Ann. art. 4447d § 3 (Vernon Supp. 1988). Barnes seeks a writ of mandamus directing the district court to rescind its order that most of the documents are protected from discovery. We hold that the trial court abused its discretion and therefore conditionally grant the relief requested.

In 1985, Joyce Barnes sought medical treatment for back pain. She received initial treatment from Dr. A.P. Larson at the North Texas Clinic Association. Barnes also consulted Dr. Robert B. Connor, who reviewed back x-rays at Midway Park General Hospital. Dr. Larson later performed disc surgery on Barnes at Midway Park. After surgery, symptoms persisted and Barnes consulted another physician. A lumbar myelogram and CT scan revealed a tumor in the sacral region of the spine. Although the tumor was removed, Barnes continues to suffer neurological dysfunction causing lack of control in the lower part of her body.

Barnes brought an action against Drs. Larson and Connor, alleging medical malpractice in failing to properly diagnose the tumor. She also brought an action against Midway Park and North Texas for failure to provide properly trained physicians. Barnes sought production of Midway Park documents concerning the staff privileges of Drs. Larson and Connor. Midway Park asserted privilege under Tex.Rev.Civ.Stat. Ann. art. 4447d § 3 (Vernon Supp.1988) and *Jordan v. Court of Appeals for the Fourth Supreme Judicial District*, 701 S.W.2d 644 (Tex.1985). Barnes filed a motion to compel production. Midway Park

delivered the documents to the trial court for an *in camera* inspection. The sealed documents submitted for *in camera* inspection also contained two affidavits in support of the claimed privilege. These affidavits bore no certificate of service and were not served upon counsel for Barnes. Judge Whittington divided the documents into two groups. One group consists of letters regarding the credentials and experience of Dr. Connor; the second group contains letters pertaining to Dr. Larson. Judge Whittington ruled that the documents were privileged, overruling Barnes' Motion to Compel Production.

Barnes filed a Motion for Reconsideration. Retired Judge Leonard Hoffman, sitting by designation, heard Barnes' motion and concluded that all documents were subject to discovery. Midway Park then filed its Motion for Reconsideration, which was heard by Judge Whittington, who then reinstated his previous order that the documents were privileged. There was no court reporter present during any of the three hearings and no statement of facts is before this court. Counsel for both sides concede that there was no record made and no testimony taken at any of the hearings.

The issue presented on mandamus is whether the trial court abused its discretion in concluding that the documents were privileged. In considering whether an abuse of discretion occurred, this court must determine if the party asserting the privilege has discharged its burden of proof. As this court held in *Peeples v. Honorable Fourth Supreme Judicial District*, 701 S.W.2d 635 (Tex.1985), a privilege must be established to justify an exception to the general rule favoring discovery. 701 S.W.2d at 637. The party claiming the privilege bears the burden of producing evidence to support such an exception by showing that the documents in question qualify for the privilege as a matter of law. *Id.*

It should be noted at this point that our inquiry into whether these documents are discoverable does not require us to determine if the records will ultimately be admissible at trial. The information sought

need only appear reasonably calculated to lead to the discovery of admissible evidence. Tex.R.Civ.P. 166b(2)(a).

Before reaching the primary issue of privilege, we must address the respective burdens of the parties. Midway Park, as the real party in interest, asserts that Barnes failed to satisfy *her* burden of establishing abuse of discretion. Midway Park also contends that affidavits and the documents themselves support the finding of privilege.

■ Midway Park argues that the absence of a statement of facts establishes that Barnes failed to meet the burden of showing abuse of discretion, required for issuance of a writ of mandamus. Because the trial court heard no testimony, no statement of facts exists. Appellate Rule 121 merely requires the relator to set forth by verified affidavit all facts necessary to establish her right to mandamus relief. Tex. R.App.P. 121(a)(2), (c) and (f). The undisputed fact that no testimony was adduced at any of the hearings, as set forth in the affidavit of relator's counsel, satisfies the relator's burden under Rule 121. This court has never required the parties to present a "statement of facts" that contains only the oration of counsel. We therefore conclude that Barnes has submitted a sufficient record for review of the trial court's order.

■ Turning to Midway Park's burden of proof, the documents themselves constitute the only evidence of privilege submitted to the trial court. In presenting the sealed documents for *in camera* inspection, Midway Park improperly included two affidavits within the sealed envelopes. These affidavits should not have been considered by the trial judge as evidence in support of the privilege because they were never filed with the district clerk; they contain no certificate of service; and, they were not served on opposing counsel.[1] Furthermore, even if Midway Park properly filed and served the affidavits, no evidence was presented by the mere global allegations that the documents come within the privilege. *Weisel Enterprises, Inc. v. Curry*, 718 S.W.2d 56, 58 (Tex.1986). Affidavits filed in accordance with Tex.R.Civ.P. 166b(4) must contain something more than a global reiteration of facts ascertainable from the face of the documents themselves.

■ In the absence of any additional evidence to support the claimed privilege, this court must review the documents themselves to determine if they clearly support the privilege as a matter of law. *Weisel*, 718 S.W.2d at 58; *Jordan v. Fourth Court of Appeals*, 701 S.W.2d 644 (Tex.1985). In *Texarkana Memorial Hospital, Inc. v. Jones*, 551 S.W.2d 33 (Tex.1977), this court concluded that the statutory privilege protected the deliberations of the hospital committee. 551 S.W.2d at 36. *See also* Tex. Rev.Civ.Stat.Ann. art. 4447d § 3 (Vernon Supp.1988). However, "presentation of evidence or opinion to a hospital committee during its deliberations does not thereby make that evidence or opinion privileged if offered or proved by means apart from the record of the committee." 551 S.W.2d at 36. In *Jordan v. Fourth Court of Appeals*, this court considered the scope of the privilege available under article 4447d § 3, and further defined privileged "records and proceedings" to encompass "documents that have been prepared by or at the direction of the committee for committee purposes." 701 S.W.2d at 648. However, the court in *Jordan* specifically excluded from protection all documents "gratuitously submitted to a committee or

---

1. Because Midway Park failed to properly serve the affidavits, the sworn statements constitute improper *ex parte* communications. This court only allows such communications in limited, extraordinary emergency situations. *See* Tex.R. Civ.P. 592 (Writ of Attachment); Tex.R.Civ.P. 658 (Writ of Garnishment); Tex.R.Civ.P. 696 (Writ of Sequestration); Tex.R.Civ.P. 800 (Proof in trespass to try title action when defendant fails to appear after notice by publication). The present situation does not provide a sufficient emergency to justify total disregard for the general rule disfavoring such *ex parte* communications. *See* Supreme Court of Texas, Rules Governing the State Bar of Texas art. X, § 9 (Code of Professional Responsibility) DR 7–110(B) (1987).

which have been created without committee impetus and purpose." *Id.*

Midway Park contends that since many of the documents were *not* gratuitously submitted, but were furnished pursuant to the Hospital's request, the documents were created *with* committee impetus. *Jordan,* 701 S.W.2d at 648. Midway Park mistakenly interprets *Jordan.* The definition specifically identifies the documents that come within the privilege *and* the documents that are not protected. Since the definition states that documents *are not* privileged when gratuitously submitted or created without committee impetus and purpose, Midway Park cannot establish the privilege by proving the converse. The documents must affirmatively fit within *Jordan's* definition of privileged "records and proceedings."

■ As discussed in *Jordan,* the statutory purpose behind a privilege for hospital committee records and proceedings protects the important, but limited, policy of encouraging uninhibited discussion of events that are the subject of committee action or review. 701 S.W.2d at 647. The limited purpose of protecting uninhibited discussion leads us to conclude that the privilege extends only to information generated by the hospital committee in its investigation or review process. *Cf. Stringer v. Eleventh Court of Appeals,* 720 S.W. 2d 801, 802 (Tex.1986), *Turbodyne Corp. v. Heard,* 720 S.W.2d 802, 804 (Tex.1986) (privilege extends to communications between a party and its agent or representative only where evidence is acquired in anticipation of litigation). We therefore follow and interpret *Jordan* to require that information is protected by the privilege if sought out or brought to the attention of the committee for purposes of an investigation, review, or other deliberative proceeding. The privilege must be balanced against "the public['s] ... right to every man's evidence." *United States v. Bryan,* 339 U.S. 323, 331, 70 S.Ct. 724, 730, 94 L.Ed. 884 (1950). As recognized in *Texarkana Memorial Hospital v. Jones,* the fact that a document was considered by a committee does not automatically transform that document into a committee record or proceeding. 551 S.W.2d at 36.

■ After reviewing the documents, we conclude that the letters requesting information on credentials and experience of Dr. Larson and Dr. Connor were routine administrative records, prepared by the hospital in the ordinary course of business. The same is true of two additional documents that list the letters mailed and received by the hospital during the application process. Such business and administrative files and papers are discoverable under the proviso contained in the statute. Tex.Rev.Civ.Stat. Ann. art. 4447d, § 3 (Vernon Supp.1988). There is no evidence that the hospital requested information on Drs. Larson and Connor for purposes of reviewing an incident or conducting any type of investigation. The letter from Dr. Larson's insurance carrier also constitutes a gratuitously submitted document. Despite the fact that these documents may eventually serve as evidence in committee deliberations, the statute only protects the deliberative process, not routinely accumulated information. *Jordan,* 701 S.W.2d at 648.

Because these documents are discoverable under *Jordan,* the trial court abused its discretion in issuing a protective order. We are confident the trial court will vacate its order. If not, a writ of mandamus will issue.

PHILLIPS, C.J., files a concurring opinion in which GONZALEZ and CULVER, JJ., join.

PHILLIPS, Chief Justice, concurring.

I agree with the conclusion of the majority that, in the absence of supporting evidence, the documents standing by themselves do not demonstrate the hospital's claim of privilege as a matter of law. Because nothing in the documents indicates any connection to a hospital committee, I find no basis to hold the documents privileged under TEX.REV.CIV.STAT. art. 4447d, § 3. I thus concur in the majority's result.

I disagree, however, with the standard articulated today for determining whether

materials are privileged under art. 4447d, § 3. I believe the majority's formulation is fatally vague and will bring confusion to an area where clarity should be paramount. I would hold that if the function and purpose of a committee is to improve patient care and treatment through self-evaluation and critical review, documents prepared by or at the direction of the committee for committee purposes are privileged.

Article 4447d, § 3, contains three specific protections. In summary, these provide: (1) The *records and proceedings of any committee or joint committee* of a hospital or other of several health care providers *shall be confidential* and shall be used by such committee and the members thereof only in the exercise of the proper functions of the committee and *shall not be public records and shall not be available for court subpoena;* provided that the *statute does not apply to records made or maintained in the regular course of business;* (2) no physician or specified health care provider furnishing information to any committee with respect to a patient *shall be liable in damages to any person for furnishing such information;* and (3) *no member of such committee shall be liable in damages to any person for actions taken by the committee* if the member acts without malice and in the reasonable belief that the action is warranted by the facts known to him.

Under this statute, certain information submitted to a committee is privileged, and both those who submit the information and those who act on it are protected from liability. As this court wrote in *Texarkana Memorial Hospital, Inc. v. Jones,* 551 S.W. 2d 33, 35 (Tex.1977):

> The purposes of medical research and education, and the improvement of medical treatment, in any particular hospital or medical care facility is served by the free and uninhibited discussion of all events and experiences within the hospital or facility. The Legislature ... must have intended to protect and encourage open and thorough review and investigation by making the records and proceedings of *any* such committee confidential and by expressly providing that they "shall not be available for court subpoena." (Emphasis original.)

The statute reflects a legislative judgment that the overall quality of medical care will be elevated by shielding certain in-house evaluations from public disclosure. Medical professionals are more likely to come forward with information about professional incompetence and misbehavior when protected from personal liability or public disclosure. "Constructive professional criticism cannot occur in an atmosphere of apprehension that one doctor's suggestion will be used as a denunciation of a colleague's conduct in a malpractice suit." *Bredice v. Doctors Hospital, Inc.,* 50 F.R.D. 249, 250 (D.D.C.1970).

The Legislature did not, however, provide a blanket privilege to *all* records of *all* committees. *See* Butler, *Hospital Peer Review Committees: Privileges of Confidentiality and Immunity,* 23 S.Tex.L.J. 45, 49–53 (1982). The statute excludes "records made or maintained in the regular course of business." TEX.REV.CIV.STAT. art. 4447d, § 3. Moreover, there are other files and records which do not involve the type of critical appraisal which the statute was intended to protect. Thus, in previous cases, this court has sought to draw guidelines that promote the purpose of the statute without unduly hindering the discovery of relevant information by parties to lawsuits. These guidelines have focused on two criteria: the type of committee and the type of documents.

In *Jones,* the parents of a premature infant, who allegedly became blind as a result of treatment received in a hospital, sought documents from the committee meetings of departments involved in their son's care. This court made two important holdings. First, it held that "the deliberations of *every* group of persons constituted by the rules and bylaws of the hospital in its service is placed behind the veil" of statutory privilege. 551 S.W.2d at 35 (emphasis added). Second, it defined "records made or maintained in the regular course of business" to mean "the records kept in connection with the treatment of the individual patients as well as the business and

administrative files and papers apart from committee deliberations." *Id.* Such records, the court held, would not become privileged merely because they were at some time presented to a committee pursuant to its deliberations. *Id.* at 36; *see also Hood v. Phillips*, 554 S.W.2d 160, 167 (Tex. 1977).

This court further clarified which documents are protected by the privilege in *Jordan v. Court of Appeals for Fourth Supreme Judicial District*, 701 S.W.2d 644, 648 (Tex.1986). *Jordan* involved a suit against a nurse and a hospital where the nurse had previously worked. Plaintiffs alleged that the hospital had failed to alert the public and the medical profession to the nurse's incompetence. An investigation of deaths connected with the nurse had also been conducted by the local district attorney. Plaintiffs sought discovery of records belonging to different committees of the hospital related to investigation of the nurse's work there.

As to which documents were discoverable, this court held:

> [W]e find that the statutory language, "records and proceedings" means those documents generated by the committee in order to conduct open and thorough review. In general, this privilege extends to documents that have been prepared by or at the direction of the committee for committee purposes. Documents which are gratuitously submitted to a committee or which have been created without committee impetus and purpose are not protected. In addition, the privilege extends to minutes of committee meetings, correspondence between committee members relating to the deliberation process and any final committee product, such as recommendations.

701 S.W.2d at 647–48.

Today, the majority purports to follow *Jordan* to hold "that information is protected by the privilege if sought out or brought to the attention of the committee for purposes of an investigation, review, or other deliberative proceeding." The court goes on to conclude that the "letters requesting information or credentials and experience of [the doctors] were routine administrative records, prepared by the hospital in the ordinary course of business." In effect, the majority seeks to distinguish between two types of documents generated by a committee: (1) those generated by the hospital committee in its investigative or review process and hence privileged; and (2) those that represent mere "routine administrative records, prepared by the hospital in the ordinary course of business" and hence discoverable.

I believe this standard is unworkable. The documents currently before us are admittedly innocuous. They consist mostly of form letters sent to various institutions and physicians seeking licensing and training information, as well as personal recommendations. One could arguably categorize them as routine (and discoverable), since they are presumably part of the routine process of credentialling a physician. The attempt to categorize some letters as routine and others investigative, however, simply will not work as a general rule. A committee whose general purpose is to investigate never knows what it will find. It begins with routine inquiries. When those inquiries reveal irregularities, it probes further. Where would the line be drawn, for example, if solicitations for educational background information revealed misrepresentations or if personal recommendations revealed a pattern of incompetence. Would the early letters be deemed routine and hence discoverable, while the later letters are found privileged because they reveal there really *is* something to investigate? Or, would the early letters change status to become privileged also? Might doctors refrain from responding candidly to so-called routine letters because they are not privileged? Might they wait for an actual investigation, possibly brought on by needless injury to a patient, before revealing what they know?

Such possibilities are unacceptable. The purpose of the statute is to promote candor and candor relies in part on the certainty of privilege. Uncertainty of the kind generated by the majority's test will necessarily undermine the purposes of the statute.

I would hold that for the privilege in art. 4447d, § 3 to have meaning, the investigative criteria should apply to the nature of the committee, not the documents. In *Jones*, we applied the privilege to "the deliberations of *every* group of persons constituted by the rules and bylaws of the hospital." 551 S.W.2d at 35 (emphasis added). That standard is too broad. I would hold that if the function and purpose of a duly constituted committee is the improvement of patient care and treatment, through self-evaluation and critical review, the committee is protected by TEX.REV. CIV.STAT.ANN. art. 4447d, § 3. *Cf. Matchett v. Superior Court for County of Yuba*, 40 Cal.App.3d 623, 627, 115 Cal.Rptr. 317, 320 (1974).

Once it is established that Article 4447d, § 3 is applicable to a particular committee, I would hold that all documents meeting the criteria laid out in *Jordan* are privileged. Excluded from among these privileged documents, of course, are those "records made or maintained in the regular course of business." TEX.REV.CIV.STAT. art. 4447d, § 3. This court has already defined such documents to be "the records kept in connection with the treatment of the individual patients as well as the business and administrative files and papers apart from committee deliberations." *Texarkana Memorial Hospital, Inc. v. Jones*, 551 S.W.2d at 35.

As to the documents before us today, I agree with the majority that the burden of establishing the privilege is on the party asserting it. *Peeples v. Honorable Fourth Supreme Judicial District*, 701 S.W.2d 635, 637 (Tex.1985). In *Weisel Enterprises, Inc. v. Curry*, 718 S.W.2d 56, 58 (Tex. 1986), this court discussed the steps a party must take to satisfy its burden of proof when asserting a privilege. We held that the party must plead the privilege and produce evidence supporting the claim. Where the content of the documents on their face substantiates the claim, the documents alone constitute adequate proof. Where the documents do not on their face support the privilege, however, additional evidence in the form of live testimony or affidavits must be adduced. *Id.*

There is nothing on the face of the documents before us to indicate that they are the product of a committee at Midway Park Hospital, investigative or otherwise.[1] Nor has a statement of facts been preserved showing testimony, if any, that would support the claim of privilege. The only evidence to support the claimed privilege, in addition to the documents themselves, are two affidavits. Since the affidavits were submitted *ex parte*, I agree that we may not consider them. Thus, Midway Park Hospital did not meet its burden of establishing the documents were privileged. I therefore agree the documents are subject to discovery and concur in the result of the majority.

GONZALEZ and CULVER, JJ., join in this concurring opinion.

---

1. In a case construing its privilege statute the California appeals court, faced with a similarly sparse record, elected to take judicial notice of "nationwide, generally accepted standards describing the organization and functions of medical staffs and medical staff committees in accredited hospitals." *Matchett v. Superior Court for County of Yuba*, 40 Cal.App.3d 623, 627, 115 Cal.Rptr. 317, 319 (1974). The California court relied on the standards promulgated by the Joint Commission on Accredited Hospitals. We have not been furnished with information on these standards, nor has any party requested us to take judicial notice thereof. *See* TEX.R. EVID. 201.