DOCTOR'S HOSPITAL, Relator,

v.

The Honorable David WEST, District
Judge, 269th District Court, Harris
County, Texas, Respondent.

No. 01–88–00525–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 20, 1988.

I. Nelson Heggen, Dibrell, Dibrell, Greet & Brown, Galveston, for relator.

G. Robert Friedman, Friedman and Associates, Houston, for respondent.

Before SMITH, DUNN and SAM BASS, JJ.

## OPINION

SAM BASS, Justice.

The relator, Doctor's Hospital, seeks relief from the respondent's order allowing discovery of documents that it contends are privileged under Tex.Rev.Civ.Stat.Ann. arts. 4447d, § 3, 4495b (Vernon Supp.1988).

The real party in interest, Cindy Cortez, requested from relator documents relating to the professional conduct of and the granting of hospital privileges to Dr. Richard McLaughlin, Dr. Ebrahim Ziafat, and Dr. Zavill Armstrong. Relator objected to the production of the documents, filed a motion for protection, obtained a hearing, and submitted the documents to respondent for an in camera inspection. Relator introduced no evidence other than the documents themselves to support the claimed privilege.

In a written order, respondent concluded that some of the documents are privileged and exempt from discovery and that others are not privileged and discoverable. Relator complains of that portion of the order declaring some of the documents discoverable.

We note that relator presents for review numerous documents that respondent never ruled were discoverable. Specifically, there was no ruling on documents 4b, 4c, 4d, 4e, 4i, 11h, and 15c. Moreover, the record reflects that the respondent ruled that document 5f was privileged and not discoverable. Relator does not complain of the absence of a ruling on these documents. Thus, nothing is presented for review relating to these documents because relator has not shown any action by respondent upon which a claim of abuse of discretion can be predicated. Tex.R.Civ.P. 166b(4).

We further note that the record does not reflect that relator pled any privilege contained in article 4495b in its objections to the request for production or in its motion for protective order; therefore, we will review the respondent's order in light of the only privilege asserted in the trial court, article 4447d, § 3, to determine whether respondent clearly abused his discretion. *Peeples v. Honorable Fourth Supreme Judicial Dist.*, 701 S.W.2d 635, 637 (Tex. 1985); Tex.R.Civ.P. 166b(4).

The relevant portion of article 4447d, § 3 provides:

The records and proceedings of any committee or joint committee of a hospital ... whether appointed on an ad hoc basis to conduct a specific investigation or established under state or federal law or regulations or under the by-laws, rules or regulations of such organization or institution, shall be confidential and shall be used by such committee and the members thereof only in the exercise of the proper functions of the committee and shall not be public records and shall not be available for court subpoena; provided, however, that nothing herein shall apply to records made or maintained in the regular course of business by a hos-

pital, health maintenance organization, or extended care facility.

In *Jordan v. Fourth Supreme Judicial Dist.*, 701 S.W.2d 644, 647–48 (Tex.1985), the supreme court defined "records and proceedings" as

> documents generated by the committee in order to conduct open and thorough review. In general, this privilege extends to documents that have been prepared by or at the direction of the committee for committee purposes. Documents which are gratuitously submitted to a committee or which have been created without committee impetus and purpose are not protected. In addition, the privilege extends to minutes of committee meetings, correspondence between committee members relating to the deliberation process and any final committee product, such as recommendations.

The court further interpreted the rule set out in *Jordan*

> to require that information is protected by the privilege if sought out or brought to the attention of the committee for purposes of an investigation, review, or other deliberative proceeding.

*Barnes v. Whittington*, 751 S.W.2d 493, 496 (Tex.1988). The statute, however, protects only the "deliberative process" and not routinely accumulated information. *Id.*

■ The party who seeks to limit discovery by asserting a privilege has the burden of producing evidence to show that the documents in question qualify for the privilege as a matter of law. *Barnes*, 751 S.W.2d at 494; *Weisel Enter., Inc. v. Curry*, 718 S.W.2d 56 (Tex.1986); Tex.R.Civ.P. 166b(4). The requested documents themselves can constitute the only evidence establishing the applicability of the asserted privilege, *Barnes*, 751 S.W.2d at 495; however, if a document or group of documents establishes that another document or group of documents is privileged, the party asserting the privilege must call this to the trial court's attention through live or affidavit testimony. No such testimony is in the record before us. Accordingly, we will review the documents individually to determine whether relator has sustained its burden.

■ Documents 9a, 9b, 9c, 9i, 11a, 11b, 11c, 14b, and 16c are letters from various administrators of relator requesting background information from hospitals and doctors concerning McLaughlin, Ziafat, or Armstrong. Document 9k is a letter from one of relator's administrators to Ziafat attempting to gather information. Documents 6a, 6b, 6c, 9g, 9h, 9j, 11d, 11e, 11f, 11g, 14a, 14c, 14d, 16a, and 16b are letters from doctors or administrators to relator's administrator providing recommendations or background information concerning McLaughlin, Ziafat, or Armstrong. There is no indication in the record that these documents were prepared by or at the direction of a committee for committee purposes. *Jordan*, 701 S.W.2d at 648. Further, the documents requesting information are letters that are made in the ordinary course of business and are not privileged. *Barnes*, 751 S.W.2d at 496 ("we conclude that the letters requesting information on credentials and experience of Dr. Larson and Dr. Connor were routine administrative records, prepared by the hospital in the ordinary course of business"). Finally, there is no evidence that a hospital committee requested the provided information for the purpose of reviewing an incident or conducting an investigation. *Id.* Relator failed to show that these documents are privileged.

■ Document 5n is a letter to McLaughlin from relator's administrator, and document 6d is a letter to "whom it may concern" from Ziafat. Both letters relate statistics or information compiled by the author. Neither letter reflects any committee involvement in the author's compilations and is, therefore, not privileged.

■ Document 5m is a letter from Dr. Williams generally requesting from McLaughlin information concerning a case under review. Documents 3i, 3k, and 3l are letters from Dr. McLaughlin to the hospital's administrator and a form listing McLaughlin's address and various identification numbers. Document 5b is a letter by McLaughlin to Dr. Blumenthal provid-

ing information concerning a medical procedure performed by McLaughlin. Document 5e is a letter from the hospital's assistant administrator to the Texas State Board of Medical Examiners. These letters do not show that they were created with committee impetus. Nor do they disclose the deliberative process or any findings or recommendations of any committee reviewing the case and have not been shown to contain information "sought out or brought to the attention of [a] committee for purposes of an investigation, review, or other deliberative proceeding"; therefore, they are not privileged. *Id.* at 495.

■ Document 15a is a letter from Dr. Gerald Hoffman, relator's former chief of staff, stating that an attached report would be presented to the "ad hoc committee." This report was made by a doctor at the request of one of relator's administrators, but there is no evidence that this request was made for committee purposes or with committee impetus. "The fact that a document was considered by a committee does not automatically transform that document into a committee record or proceeding." *Barnes,* 751 S.W.2d at 496; *Texarkana Memorial Hosp. v. Jones,* 551 S.W.2d 33, 36 (Tex.1977).

■ Documents 5c and 5d are subpoenas from the Texas State Board of Medical Examiners. Relator's only contention is that these documents are privileged under article 4495d. As previously discussed, relator never pled this statute as a ground of exemption; therefore, it may not complain of the trial court's action ordering that documents 5c and 5d are discoverable. *Peeples,* 701 S.W.2d at 637; Tex.R.Civ.P. 166b(4).

■ Documents 3m and 13a are forms entitled "credential checklist." These documents are checklists to keep track of when a doctor's license and malpractice insurance will expire, what letters of reference have been received, and various identification numbers. The documents contain no committee findings or recommendations, are administrative in nature, and are discoverable as records made or maintained in the ordinary course of business. Art. 4447d, sec. 3.

■ Documents 5a, 5g, 5*l*, 10a, 15b, and 15d are letters from members of various committees or departments to doctors who are under review by the writers' committees or departments. Each letter discusses the particular committee's action or findings thereby revealing the "final committee product" on portions of the committee's deliberations, which is privileged information under the statute. *Jordan,* 701 S.W. 2d at 648. Accordingly, these documents are not discoverable.

■ The real party in interest contends that the privilege established by article 4447d, section 3 violates her "due process and equal protection rights" guaranteed by Tex. Const. art. I, §§ 3, 13. This contention is not properly before us. Nothing in the record indicates that the constitutionality of article 4447d was at issue in the trial court; therefore, we cannot assume that respondent made a ruling on this issue.

■ The real party in interest also attempts to raise a "cross-point" in her reply and complains that the respondent abused his discretion in concluding that other documents are privileged. This complaint is not properly before us because the real party in interest has failed to comply with the requirements of Tex.R.App.P. 121 including filing a motion for leave to file a petition for writ of mandamus and stating the grounds for relief in a petition for writ of mandamus. Tex.R.App.P. 121(a)(1), (2)(D). Accordingly, we do not reach this complaint.

The writ of mandamus is conditionally granted as to documents 5a, 5g, 5*l*, 10a, 15b, and 15d. In all other respects, the relator's petition is denied. We are confident that the respondent will vacate his order allowing discovery of documents 5a, 5g, 5*l*, 10a, 15b and 15d, and a writ of mandamus will issue only if he fails to do so.

DUNN, Justice, concurring and dissenting.

I disagree with the majority's holding that the hospital failed to show that the

following documents are privileged under article 4447d, section 3: documents 9a, 9b, 9c, 9i, 9j, 9k, 11a, 14b, 16b, 16c, each requesting information concerning the applications of doctors McLaughlin, Ziafat, or Armstrong for staff privileges; documents 6a, 6b, 6c, 9g, 9h, 9j, 11d, 11e, 11f, 11g, 14c, 14d, 16a, 16b, all replies to such requests; and documents 3m and 13a, credential checklists used by the executive committee in coordinating its investigations and listing the dates that letters were sent to references.[1]

The supreme court in *Jordan* defined the statutory language of article 4447d, section 3, "records and proceedings" of a committee, as "those documents generated by the committee in order to conduct open and thorough review." 701 S.W.2d at 647–48. Further, the court stated that the statutory privilege extends to documents that have been prepared by, or at the direction of, the committee, for committee purposes. *Id.*

A review of the record reveals that the documents containing the minutes of committee meetings, 3c, 3e, 3f, 3g, 3h, 13b, 13c, 13d, were ruled privileged by the trial court and establishes that it is the executive committee's responsibility to approve or disapprove applications for staff privileges. These minutes also show that the representatives of the departments to which an application is directed, as well as the hospital's administrator, are active participants on the executive committee, assist it in its investigation and review of applications for staff privileges, and make recommendations concerning action to be taken by the committee.

The authors of the above listed letters requesting information on the applicant doctors were present during and participated in this committee's activities. The record of the second hearing concerning the discoverability of the documents in question reveals that neither of the parties' attorneys contested representations made to the court that the administrators had testified in depositions concerning the "workings of the committee" and that "their activities" were in support of committee activities.

I would hold that the hospital has established that the above listed documents were generated or accumulated at the direction of the executive committee for an open and thorough investigation of the applications for staff privileges of doctors McLaughlin, Ziafat, and Armstrong; therefore, they are privileged and not discoverable.

Additionally, I agree with the majority that 5a, 5g, 5l, 10a, 15b, and 15d are all privileged; however, document 5b, held to be non-privileged by the majority, is the response to the committee's request contained in document 5a. Because the request for information concerning a patient's care was instigated by the committee, I consider document 5a, the response to such request, to be privileged.

Further, I consider document 3i, furnished at committee request as indicated in the document itself, and documents 3k and 3l, concerning the granting of staff privileges directed to the committee representative, to be privileged because they were prepared in connection with the committee's investigation of the applicant doctor.

Document 15a is a cover letter with an attached report that is identical to 5f. The trial court ruled that 5f is privileged because it was requested by the ad hoc committee. Document 15a is addressed to the doctor under investigation by the ad hoc committee and advises him of the committee's activities. These documents reflect committee review and investigations and are privileged. *Barnes,* 751 S.W.2d at 496.

In all other respects, I concur with the majority.

---

1. Documents 9j and 16b are listed twice because a reply is written on the initial request.