**NORTHEAST COMMUNITY HOSPITAL, Relator,**

**v.**

**The Honorable James W. GREGG, Visiting Judge of 141st District Court, Tarrant County, Texas, Respondent.**

**Robert R. CRAWFORD, D.O., Relator,**

**v.**

**The Honorable James W. GREGG, Visiting Judge of 141st District Court, Tarrant County, Texas, Respondent.**

Nos. 2–91–066–CV, 2–91–090–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 21, 1991.

Cantey & Hanger, and John F. Gray and Evelyn R. Leopold, Fort Worth, for Northeast Community Hosp.

David L. Crawford, Bedford, for Robert R. Crawford, D.O.

Morgan & Weisbrod, and Les Weisbrod and Michael S. Box, Dallas, for real party in interest.

Before JOE SPURLOCK, II, HILL and DAY, JJ.

## OPINION ON PETITION FOR WRIT OF MANDAMUS

DAY, Justice.

The issue for determination is whether the trial judge abused his discretion by ordering the production of documents without first conducting an in camera inspection where the documents were claimed to be protected by specific privileges and were tendered to the court for in camera inspection.

Northeast Community Hospital, ("Hospital"), and Dr. Robert Crawford seek writs of mandamus against Judge James W. Gregg contending that he abused his discretion by ordering the production of certain documents claimed by relators to be protected from disclosure by specific privileges, without having first conducted an in camera inspection of the documents submitted to him. Because of the similarity of the issues presented, we have consolidated both petitions in this opinion. The Hospital and Dr. Crawford contend that the documents are privileged and exempt from discovery under the following statutes and rule:

    a. Article 4447d, Revised Civil Statutes of Texas (now codified at sections 161.-031 and 161.032 of the Texas Health & Safety Code);

    b. Article 4495b, Revised Civil Statutes of Texas; and

    c. Rule 166b, Texas Rules of Civil Procedure.

Dr. Crawford also objected to the discovery sought from him on the ground of the attorney-client privilege.

We hold that the trial court's failure to conduct an in camera inspection of the documents in question constituted an abuse of discretion and we conditionally issue a writ of mandamus commanding the trial court to rescind its discovery order of March 19, 1991.

The real parties in interest, Marshall McCrummen and Barbara McCrummen, are suing Dr. Crawford and the Hospital seeking damages for medical negligence alleged to have occurred in 1985. In a request for production directed to the Hospital, the McCrummens sought discovery of the following documents:

**REQUEST NO. 32**—*Documents inquiring into competency:* All documents pertaining in any way whatsoever to any inquiry into the competence or surgical capabilities of ROBERT R. CRAWFORD, D.O.

**REQUEST NO. 39**—*Your granting of medical staff privileges/credentialing*

*file:* All applications and renewal correspondence, including all supporting documents in your credentialing file, *kept in the ordinary course of business,* such as letters of reference and recommendations, requests for such letters, and background checks made by the credentialing or similar committee within your hospital of ROBERT R. CRAWFORD, D.O.

The Hospital responded to the McCrummens' motion by moving for a protective order on the grounds that the documents sought in the above requests were exempt from discovery and were accorded confidentiality under the provisions of TEX. REV.CIV.STAT.ANN. art. 4495b, sec. 5.06 (Vernon Supp.1991). In its motion, the Hospital *urged the court to conduct an in camera inspection of the documents they contended were privileged from discovery.*

Subsequently, the McCrummens noticed Dr. Crawford for his oral deposition duces tecum. The deposition duces tecum sought the production of the following documents from Dr. Crawford:

2. All materials relating to any investigation of Dr. Crawford's medical conduct by either a hospital, state agency, and/or any other entity charged with determining the competence of physicians.

3. All records and/or documents pertaining to initial application for hospital privileges of Dr. Crawford at Northeast Community Hospital.

4. All documents pertaining to the performance of breast implantations by Dr. Crawford at Northeast Community Hospital, and/or any other hospital.

5. All documents pertaining to any limitations, modifications, suspensions and/or withdrawals of medical and/or surgical privileges of DR. CRAWFORD at any institution.

6. All documents pertaining to any investigations of DR. CRAWFORD'S medical practice.

7. Copies of all applications and reapplications for staff privileges and/or surgical privileges at any and all hospitals that Dr. Crawford has applied to in the past.

17. All correspondence between ROBERT R. CRAWFORD, D.O. and the Texas State Board of Medical Examiners regarding the incident which resulted in Order D–3580 on August 26, 1988.

18. All information provided to the Texas State Board of Medical Examiners pursuant to its investigation resulting in the issuance of Order D–3580 on August 26, 1988.

19. All correspondence between the Texas State Board of Medical Examiners and ROBERT R. CRAWFORD, D.O. as regards any investigation of all allegations of violations of the Medical Practice Act of Texas against DR. CRAWFORD initiated by said Board of Medical Examiners.

20. All information provided to the Texas State Board of Medical Examiners by ROBERT R. CRAWFORD, D.O. as regards any investigation initiated by said Board of Medical Examiners.

22. All evidence presented to the Texas State Board of Medical Examiners at any hearing to discuss allegations of violations of the Medical Practice Act of Texas, Texas Revised Civil Statute Annotated, Article 4495b against ROBERT R. CRAWFORD, D.O.

Dr. Crawford responded to his noticed deposition duces tecum by filing a motion for protective order in which he also pled the privilege of confidentiality accorded the requested documents by article 4495b. He also pled the attorney-client privilege on certain correspondence between himself and the Texas State Board of Medical Examiners. In his motion Dr. Crawford *urged the court to conduct an in camera inspection of the documents* prior to ordering their release to the McCrummens.

The Hospital also objected to Dr. Crawford's noticed deposition duces tecum by filing a motion to quash the above items on the duces tecum. The Hospital's motion admitted that it had no knowledge as to whether Dr. Crawford had possession of the peer review documents described above, but pointed out to the court that paragraph (i) of section 5.06 of article 4495b provided:

Disclosure of confidential peer review committee information to the affected physician pertinent to the matter under review shall not constitute waiver of the confidentiality provisions provided in this Act.

The Hospital further alleged that paragraph (j) of section 5.06 provided that:

[R]ecords or determinations of or communications to a medical peer review committee are not subject to subpoena or discovery and are not admissible as evidence in any civil judicial or administrative proceeding without waiver of the privilege of confidentiality executed in writing by the committee.... Any person seeking access to privileged information must plead and prove waiver of the privilege.

TEX.REV.CIV.STAT.ANN. art. 4495b, sec. 5.06(i), (j) (Vernon Supp.1991).

In its motion to quash the duces tecum items, the Hospital repeatedly *urged the court to conduct an in camera inspection* of the documents produced by Dr. Crawford prior to their release to the McCrummens.

In response to a motion to compel production filed by the McCrummens, the Hospital filed a reply in which it re-asserted its statutory privileges of confidentiality applicable to both the documents described in the McCrummens' motion to produce as well as the duces tecum documents described in Dr. Crawford's notice of deposition. The Hospital's reply pleading recited that the reply was *accompanied by true and correct and complete sealed copies* of the documents for which the statutory peer review privilege was sought *to enable the court to conduct an in camera inspection.* The Hospital's pleading also recited that *the originals of the documents would be made available for in camera inspection at any hearing held by the court.*

In support of its motion for protective order, its motion to quash certain items on Dr. Crawford's deposition duces tecum and its reply filed in response to the McCrummens' motion to compel, the Hospital filed the affidavit of its medical staff coordinator, Marlene Lingle. Lingle's affidavit at-

tested that the documents requested by the McCrummens both in their motion to produce, as well as the documents described in the duces tecum to Dr. Crawford, were records of the Hospital's peer review committees. The affidavit "tracked" the language of article 4495b in describing with particularity the documents being withheld. Lingle's affidavit further recited that the affidavit *was accompanied by copies of the documents* for which the Hospital was asserting the peer review committee privilege under article 4495b.

On July 13, 1990, the court held a hearing on the various discovery motions described above. The statement of facts of such hearing reflects that the Hospital's attorney stated:

Your Honor, you can see that what's essentially an issue here *are files which have been submitted to the Court, together with this Defendant's reply for an in camera inspection,* if the Court deems it necessary.

One week after the hearing and on July 20, 1990, the Hospital's attorney wrote a letter to Judge Gregg enclosing copies of various pleadings and exhibits that had been requested by Judge Gregg. In such letter the Hospital's attorney reminded Judge Gregg that *a sealed copy of the documents had been previously furnished for the court's in camera inspection.* The letter went on to state that:

I will be happy to furnish another copy to you in Granbury, but if you want it, I will have it hand-delivered to avoid the uncertainties of mail delivery with such significant documents.

There is no indication in the record that Judge Gregg responded to the offer to resubmit the sealed documents nor any indication that such documents were in his possession at any time after the hearing of July 13, 1990.

Subsequent to the hearing held by Judge Gregg on July 13, 1990, he granted permission to the parties to file post-submission briefs. In the Hospital's brief dated January 22, 1991, the Hospital re-argued its position that both the documents requested in the motion to produce as well as the

duces tecum deposition were privileged from discovery by reason of being peer review documents protected by article 4495b. The Hospital's post-submission brief repeatedly *urged the court to conduct an in camera inspection* of the documents for which the privileges were being asserted.

On March 19, 1991, over eight months after the discovery hearing, Judge Gregg entered an order denying all motions filed by the Hospital and Dr. Crawford *and granting the McCrummens all discovery sought.* The court's order is silent with respect to the in camera inspection that had been requested by the relators.

It is this March 19, 1991 order which the relators seek to rescind by writ of mandamus. They contend that Judge Gregg's failure to conduct an in camera inspection before ordering the production of the documents claimed to have been privileged peer review documents as well as documents for which the attorney-client privilege had been asserted, constituted a clear abuse of discretion.

Propriety of Mandamus in this Case

■ A writ of mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984, orig. proceeding). Mandamus is not appropriate to control the action of a lower court in a matter involving discretion. *Jones v. Strayhorn*, 159 Tex. 421, 321 S.W.2d 290 (1959). "When it is once decided that a trial judge exercising a 'discretionary' authority has but one course to follow and one way to decide then the discretionary power is effectually destroyed and the rule which purports to grant such power is effectively repealed." *Id.* 321 S.W.2d at 295. "In order to find an abuse of discretion, the reviewing court must conclude that the facts and circumstances of the case extinguish any discre-

tion in the matter." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex.1985, orig. proceeding).

■ We find that mandamus is the appropriate remedy in this case since the facts and circumstances had extinguished Judge Gregg's discretion and left him but one course to follow and one way to decide.

No Disputed Facts Barring
our Consideration

The McCrummens argue that factual disputes apparent in the record preclude, as a matter of law, our consideration of the relators' petitions. As we have stated, we have no power to control the trial judge in the exercise of his discretion. If the facts upon which the trial judge based his ruling were in dispute, we have no authority to act as the fact-finder.

Initially, the McCrummens deny that any documents were tendered to the court for in camera inspection at the hearing.[1] Secondly, the McCrummens argue *that if any documents were tendered to the court* for in camera inspection, they may have been only recently submitted, immediately prior to this mandamus action. The excerpt quoted above from the statement of facts of the hearing belies both of these assertions.

■ The McCrummens then argue that if the documents *were* tendered to the court there exists a question of fact as to whether the judge failed to conduct the requested in camera inspection. The record convinces us beyond doubt that Judge Gregg *did not* conduct an in camera inspection of the documents tendered. The affidavits and pleadings of the relators prior to the hearing reflect that at least five written tenders of the documents were made for in camera inspection and two filings recite that copies of the documents tendered "accompany" the filing. Moreover, the letter from Hospital's counsel to

---

1. Counsel for the McCrummens, in their brief as well as oral argument, categorically deny that the documents were tendered to the court for in camera inspection during the hearing of July 13, 1990. Subsequent to submission we granted

permission to the Hospital to file the supplemental record which clearly reflects that the documents were timely tendered to the court during such hearing.

Judge Gregg one week after the hearing reminding the judge of the documents which were tendered at the hearing and offering to hand-deliver copies of such documents to the judge in Granbury was not responded to by the judge.

The record demonstrates clearly that the documents in question were timely tendered for in camera inspection and further that no in camera inspection was ever conducted by Judge Gregg. Contrary to the McCrummens' assertions, there are no factual disputes concerning the timely tender of the documents and their in camera inspection which would bar our consideration of whether the trial court abused its discretion in ordering the production of the documents without conducting the requested in camera inspection.

### "Evidence" in Support of Privilege

Rule 166b, paragraph 4, Texas Rules of Civil Procedure provides, in pertinent part, that:

[A] party seeking to exclude any matter from discovery on the basis of an exemption or immunity from discovery, must specifically plead the particular exemption or immunity from discovery relied upon and at or prior to any hearing shall produce any evidence necessary to support such claim either in the form of affidavits served at least seven days before the hearing or by testimony. If the trial court determines that an in camera inspection and review by the court of some or all of the requested discovery is necessary, the objecting party must segregate and produce the discovery to the court in a sealed wrapper or by answers made in camera to deposition questions, to be transcribed and sealed in event the objection is sustained.

TEX.R.CIV.P. 166b(4).

In *Loftin v. Martin*, 776 S.W.2d 145 (Tex.1989, orig. proceeding), the supreme court iterated the established procedure to be followed by a party seeking to exclude documents from discovery:

In *Peeples* we held that pursuant to Rule 166b(4) of the Texas Rules of Civil Procedure, any party who seeks to exclude documents from discovery must (1) specifically plead the particular privilege or immunity claimed and (2) provide evidence supporting such claim.

*Id.* at 147, (citing *Peeples v. Hon. Fourth Supreme Judicial Dist.*, 701 S.W.2d 635 (Tex.1985, orig. proceeding)).

The McCrummens concede that the relators pled the specific privileges applicable to the documents described in their affidavits but argue that the affidavits in support of the claimed privileges were insufficient as a matter of law. They contend that since the affidavits were insufficient, they did not constitute *any evidence in support of the claimed privileges.* They argue that since the trial judge had *no evidence before him in support of the claimed privileges,* it never became incumbent upon him to conduct an in camera inspection of the tendered documents. The McCrummens base this argument upon language found in *Barnes v. Whittington,* 751 S.W.2d 493 (Tex.1988, orig. proceeding).

In *Barnes,* the party claiming that documents were privileged under *article 4447d* delivered two *ex parte* affidavits to the trial judge. Justice Mauzy wrote that since the affidavits were never filed with the district clerk, contained no certificate of service, and were never served upon opposing counsel, such affidavits should not have been considered by the trial judge as evidence in support of the claim of privilege and stated:

Furthermore, even if Midway Park properly filed and served the affidavit, no evidence was presented by the mere global allegations that the documents come within the privilege. *Weisel Enterprises, Inc. v. Curry,* 718 S.W.2d 56, 58 (Tex.1986). Affidavits filed in accordance with Tex.R.Civ.P. 166b(4) must contain something more than a global reiteration of the facts ascertainable from the face of the documents themselves.

*Barnes,* 751 S.W.2d at 495.

The McCrummens liken relators' affidavits in the instant proceeding to the ex parte affidavits in *Barnes* and argue that they are insufficient to raise a *prima facie* case supporting the applicability of the

claimed privileges. Absent the raising of a prima facie showing of the applicability of the claimed privileges, the McCrummens contend that it never became incumbent upon the trial judge to conduct an in camera inspection of the documents themselves before ruling as to their discoverability.

We do not regard the *Barnes* analysis of the sufficiency of the unfiled ex parte affidavits before that court as being controlling precedent for our analysis of the relators' affidavits in the instant case. *Barnes* held that since the affidavits were ex parte and unfiled they could not be considered by the court for any purpose.[2] *Id.* The comments of the *Barnes* court on the sufficiency of the unfiled ex parte affidavits were not necessary to the court's holding and were therefore dicta. Furthermore, *Barnes*, as well as the cases cited therein, was concerned with the assertion of privilege under *former article 4447d* which related to hospital committees *in general.* *Id.* Relators here are asserting their privileges of confidentiality under article 4495b, which was enacted by the legislature subsequent to the decision in *Barnes* and which provides privileges of confidentiality for *hospital peer review committees specifically.*

█ The affidavits filed by the Hospital and Dr. Crawford in the instant case are based upon the personal knowledge of the affiants. The Lingle affidavit specifically describes the nature of the sealed documents accompanying the affidavit so as to bring them within the protection of the privilege accorded *peer review committee documents* by article 4495b. Dr. Crawford's affidavit specifically described the documents for which he sought in camera inspection and privilege against disclosure under both article 4495b and the attorney-client privilege.

The McCrummens further attack the sufficiency of the relators' affidavits in support of their claimed privileges on the ground that the affidavits fail to aver that the documents withheld were:

1. Prepared by or at the direction of a committee for committee purposes;

2. *Not* gratuitously submitted to the committee;

3. Generated for purposes of reviewing a *specific incident,* or conducting a *specific investigation; and*

4. *Not routine records* prepared by a hospital committee in the ordinary course of business.

The McCrummens argue that since the relators' affidavits failed to affirmatively allege the preceding four elements, the affidavits are insufficient and do not make a prima facie showing that the documents are entitled to the claimed privilege. We disagree for several reasons. The limitations on the privileges against discovery under *former article 4447d* expressed in the four items stem from language contained in *Jordan v. Ct. of App. for Fourth Sup. Jud. Dist.,* 701 S.W.2d 644 (Tex.1985, orig. proceeding), *Barnes,* 751 S.W.2d 493, and *Doctor's Hospital v. West,* 765 S.W.2d 812 (Tex.App.—Houston [1st Dist.] 1988, orig. proceeding).

In all three of these cases, the courts were engaged in a review of the *documents themselves* to determine whether the statutory privileges under *former article 4447d* providing protection for *all hospital committees* was applicable. Here, the relators have asserted privileges against discovery under the provisions of article 4495b which *specifically covers hospital peer review committees.*

While we recognize the principles set forth in *Jordan, Doctor's Hospital,* and *Barnes* to support a claim of privilege under former article 4447d, we are unwilling to engraft the same requirements on a claim of privilege under article 4495b. We are particularly loath to further engraft such requirements *on affidavits supporting the claims of privilege* under article 4495b.

In both *Barnes* and *Weisel Enterprises, Inc. v. Curry,* 718 S.W.2d 56 (Tex.1986, orig. proceeding), our supreme court acknowledged that where a claim for protection from production of documents is based on a specific privilege, the documents them-

---

**2.** The affidavits criticized by the court in *Barnes*   are not set forth in that opinion.

selves can constitute the *only evidence* establishing the applicability of the privilege. *See also Doctor's Hospital,* 765 S.W.2d 812. In the instant case, the relators pled the specific privileges relied upon, filed affidavits identifying the documents withheld, and tendered the documents to the court with a request that the documents be reviewed in camera by the court. By failing to conduct an in camera inspection of the tendered documents, the trial court effectively refused to consider the *only evidence* which could have supported the relators' assertions that the privileges they relied upon were applicable.

#### Applicability of Article 4495b

█ The McCrummens argue that the application of article 4495b is a retroactive imposition. The McCrummens complain of the application of a statute amended in September 1987. The record reflects that the McCrummens filed their original petition in June 1989, served their production request seeking the protected documents and others in September 1989, and served their amended notice of deposition of Dr. Crawford seeking protected documentation in May 1990. The McCrummens submitted themselves to the law of this state as it existed when they became parties-plaintiff. The McCrummens' argument that peer review records prior to 1987 are not protected, while those following are, has no foundation in public policy or common sense. No law is being applied retroactively in this case concerning the subject documents by an enforcement of the clear and mandatory provisions of section 5.06 of article 4495b.

█ No litigant has a vested right in a statute or rule which affects remedy or is procedural in nature and which affects no vested substantive right. *Ex parte Abell,* 613 S.W.2d 255 (Tex.1981, orig. proceeding). The McCrummens had no vested right to conduct discovery under the prior law in derogation of the privileges contained in article 4495b.

We conditionally grant the relators' petitions for writ of mandamus. We are confident that the trial judge will vacate his order of March 19, 1991 and conduct an in camera review of the documents to determine their discoverability under the provisions of article 4495b in accordance with this opinion. Should he fail to do so, the clerk of this court is directed to issue the writs.