David Hamilton DOSSEY, Relator,

v.

The Honorable Felix SALAZAR, Jr.,
Judge of the 157th District Court
of Harris County, Texas, Respondent.

No. C14–91–018–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 14, 1991.

Vance Christopher, Melanie M. Livingston, Houston, for relator.

Rodney S. Squires, Waco, for respondent.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

OPINION

ROBERTSON, Justice.

Relator, defendant in the underlying litigation, was involved in an automobile/motorcycle accident resulting in the deaths of Ron Morris, Jr. and Elizabeth Munson. Relator sought counseling from John A. Wise, Ph.D., a Clinical Psychologist, and was subsequently ordered to continue such therapy as a condition of probation for the criminal charges that arose out of the accident. The real parties in interest, Ronald H. Morris, Sr., Sarah Morris and the Estate of Ronald H. Morris, Jr., are plaintiffs in the underlying case and seek to obtain relator's mental health/medical records from Dr. Wise's office by way of "Plaintiff's Notice to Take Deposition Upon Written Questions". Accompanying the deposition notice is a subpoena duces tecum to the Custodian of Medical Records for the doctor. On December 31, 1990, following an *in camera* inspection, respondent ordered the records to be sealed and held by the court until January 18, 1991 at which time the real parties in interest would be allowed access to all of relator's psychological records. Relator asserts that the information is privileged and now seeks a writ of mandamus to prevent disclosure of the records. We conditionally grant the writ.

Although the scope of discovery rests within the discretion of the trial court, *Ginsberg v. Fifth Court of Appeals,* 686 S.W.2d 105, 108 (Tex.1985), mandamus will lie to vacate orders which are void and for which there is no adequate remedy by

appeal, or where there has been a gross abuse of discretion. *State v. Sewell,* 487 S.W.2d 716, 718 (Tex.1972). An abuse of discretion occurs when the trial court's action is arbitrary, unreasonable or based upon a gross and prejudicial error of law, *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 918 (Tex.1985), or is without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 141–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). By attacking the respondent's order on the grounds of a clear-abuse-of-discretion, relator has assumed the heavy burden of establishing that the respondent lacked the discretion to make the decision entered, because the facts and law required a different decision. *Johnson,* 700 S.W.2d at 917–18.

The underlying litigation involves a Labor Day weekend automobile/motorcycle accident in 1988 in which the real parties in interest's son and motorcycle passenger died. The real parties in interest have alleged that the relator operated his vehicle in a negligent manner and that, among other things, he was driving while under the influence of alcohol at an excessive rate of speed. It is this assertion which the real parties in interest contend allows the psychological evidence to be non-privileged. There is evidence from the Department of Public Safety Troopers investigating the accident that both the relator and the deceased had blood alcohol levels in excess of the legal limit. The officers made a video-tape of relator performing field sobriety tests, and relator has conceded to his alcohol use on the date of the accident. The depositions of the officers and of the relator as well as the video-tape are all available to the real parties in interest. Relator sought therapy from Dr. Wise following the accident and was ordered to continue his counseling sessions with the doctor as part of his probation for the offense of criminally negligent homicide arising out of the accident. Relator was never advised

that his communications to the doctor would not be privileged and in fact, has specifically stated that he never intended the communications to be unprotected by the psychotherapist/patient privilege.

The permissible scope of discovery includes "anything reasonably calculated to lead to material evidence;" but overly broad requests, harassment, or *disclosure of privileged information exceeds that scope. Jampole v. Touchy,* 673 S.W.2d 569, 573 (Tex.1984) (emphasis added). Tex. R.Civ.Evid. 510 sets out the psychotherapist/patient privilege in Texas. This rule provides that confidential communications between a mental health professional and a patient, relative to or in connection with any professional services rendered by the professional to the patient are privileged and may not be disclosed. Records of the identity, diagnosis, evaluation, or treatment of a patient by a psychologist/psychiatrist that are created by that professional are also confidential and privileged and may not be disclosed.

The real parties in interest contend that they are entitled to relator's psychological records pursuant to an exception to the aforementioned rule, namely Tex.R. Civ.Evid. 510(d)(5). The exception to confidentiality or privilege in court or administrative proceedings exists as to a communication or record relevant to an issue of the physical, mental or emotional condition of a patient in any proceeding in which any party relies upon the condition as a part of the party's claim or defense. Rule 510(d)(5), and its companion Tex.R.Civ.Evid. 509(d)(4)[1], are intended to prevent the *offensive* use of the physician/patient privilege (e.g., when a party places his physical or mental condition in issue and then attempts to offensively use a privilege to conceal evidence of that condition). *Ginsberg,* 686 S.W.2d at 107; *See also Dewitt and Rearick v. Ferguson,* 699 S.W.2d 692 (Tex.App.—El Paso 1985, orig. proceeding). Relator, the patient asserting the privilege,

---

**1.** Tex.R.Civ.Evid. 509 is inapplicable in this appeal since Dr. Wise is a "professional" under Tex.R.Civ.Evid. 510(a)(1), and not a "physician" within the meaning of 509(a)(2). However, the exceptions to both rules are phrased in similar or identical words, and many cases discuss the issue of privilege for both physicians and psychotherapists.

did not bring any litigation, and he is not using the privilege defensively. The mere allegation of "mental anguish" is not enough to put a party's mental condition in issue for purposes of a mental examination. *Coates v. Whittington*, 758 S.W.2d 749, 752 (Tex.1988). Likewise, the real parties in interest have not placed relator's mental condition at issue by their similar assertion over their son's death combined with an allegation that "evidence of habitual intoxication" may be found in the records.

If a plaintiff could gain access to a defendant's mental health information merely by making a claim regarding the condition, patients would be deterred from ever seeking such emotional guidance, and this violates the very nature of psychological/psychiatric treatment which requires free and complete disclosure of all thoughts and feelings of the patient. *Gaynier v. Johnson*, 673 S.W.2d 899 (Tex.App.—Dallas 1984, orig. proceeding); *See also* Comment, *The Psychotherapist–Patient Privilege in Texas*, 18 HOUS.L.REV. 137, 141–42 (1980). Relator has admitted through his deposition that he was drinking various alcoholic beverages on the day of the accident, and this fact has been substantiated by the DPS officers investigating the scene; he also has not taken any action to indicate a waiver of his right to the psychotherapist/patient privilege. Therefore, relator's records of his psychological treatment, evaluation and diagnosis are privileged and not subject to any exception under the TEX. R.CIV.EVID. *Scheffey v. Chambers*, 790 S.W.2d 879 (Tex.App.—Houston [14th Dist.] 1990, orig. proceeding).

We note the argument of the real parties in interest that Rules 509 and 510 were modified in 1988, and the majority of cases interpreting the rules, except for this court's opinion in *Scheffey*, are prior to the change. The record as presented to us includes the comments/notes of the State Bar Committee on Administration of the Rules of Evidence and gives insight as to the meaning of the 1988 modifications. It must first be noted that the Committee decided to phrase Rule 509(d)(4) and 510(d)(5) in the same words so as to avoid the dilemma of which one would apply when the treating professional is a person authorized to practice medicine, which all psychiatrists are required to be. The comments to the rule changes include, in pertinent part:

> By providing for exception "in any proceeding in which any party relies upon the condition as a part of the party's claim or defense," the rule will no longer allow the personal representative of an estate to claim the privilege on behalf of the testator where the testator's capacity is at issue.

It is clear that the current Rule 509(d)(4) and 510(d)(5) were in response to a specific problem in the probate area. We are not persuaded that the tenets of the privilege as expressed in *Ginsberg* have changed.

■ It was the respondent's place and his discretion that was to be exercised in first deciding the discoverability and admissibility of psychological evidence. *Ginsberg*, 686 S.W.2d at 108; *Loftin v. Martin*, 776 S.W.2d 145, 147 (Tex.1989). Thus, the holding of an *in camera* review of the records prior to the order was proper; however, respondent clearly abused his discretion by subjecting *all* of the relator's psychological records to discovery since even in the interest of broad discovery, no privilege should be totally ignored. *See Mutter v. Wood*, 744 S.W.2d 600 (Tex.1988). Mandamus is now the proper method to vacate the order. *West v. Solito*, 563 S.W.2d 240, 246 (Tex.1978).

As Judge Salazar did not seek reelection and his term has expired, we are confident that his successor will vacate the December 31st order allowing the real parties in interest access to all of the relator's medical/psychological records and enter an order consistent with this opinion. In the event he does not, the writ of mandamus will issue.

The Writ of Mandamus is conditionally granted.