**Dennis Laverne SMITH, Relator,**

v.

**The Honorable J. Ray GAYLE, III, Presiding Judge of the 239th District Court of Brazoria County, Texas, Respondent.**

No. 01–92–00695–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 15, 1992.

---

Lenette Terry, Angleton, for relator.

Wallace Shaw, Marcial A. Knapp and Keith Dubanevich, Houston, for respondent.

Before SAM BASS, MIRABAL and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

The issue here is whether the medical records of a person who is not a party in a custody suit should be disclosed. Dennis Laverne Smith, the relator, filed this motion for leave to file a petition for mandamus to compel the trial court to order disclosure of the medical records of R.T., a person who is not a party to the underlying litigation. We overrule the motion for leave to file the petition for mandamus.

In the underlying suit, Mr. Smith filed a motion to modify the final decree of divorce in cause number 89B2509 in the 300th District Court of Brazoria County, rendered in March 1990. The real party in interest is Helen Jean Smith, the former wife of Dennis Smith and the mother to their two children. In the suit to modify, Mr. Smith has asked the court to appoint him the sole managing conservator of the children of his marriage to Helen Smith, or in the alternative, to be appointed joint managing conservator with her.

In May 1992, Mr. Smith gave notice that he was going to take the oral deposition of the custodian of records for Brazosport Memorial Hospital and issued a subpoena for the medical records of R.T., a close friend of Helen Smith but not a party in the custody suit. The subpoena required the hospital to produce "all the medical records pertaining to" R.T. Both the hospital and R.T. moved to strike the subpoena. R.T. alleged that the production of the documents violated the physician-patient privilege and the mental health information privilege in Tex.R.Civ.Evid. 509 and 510; that the documents were protected by the laws of privacy of Texas and of the United States; and that the production of the documents would violate his constitutional rights.

The trial court conducted a hearing and the parties stipulated to the following: R.T. is entitled to the privileges provided in rules 509 and 510 if the exceptions in 509(d)(6) and 510(d)(6) do not apply; R.T. would testify that he was an in-patient at the hospital for two nights in 1990, when he was separated from his then-wife and

under emotional stress; at the hospital R.T. was under the care of a medical doctor; R.T. intended his communications to the doctor to be privileged; R.T. is now divorced and is the possessory conservator of his two children; when R.T. checked into the hospital he was told his disclosures would be confidential as defined in rules 509 and 510; if R.T. had been told that his disclosures would not be confidential he would not have made those disclosures to the hospital; R.T. was a prospective witness in the underlying suit. The court received photographs that depict R.T. with the Smith children, and two social studies that indicate R.T. is a crucial figure in the custody case.

The trial court then reviewed the documents in camera. After its review, the court signed an order quashing the subpoena, without stating a reason. Mr. Smith then filed this petition for leave to file a mandamus, asking this Court to command the trial court to order the Brazosport Memorial Hospital to produce R.T.'s medical records.

R.T. contends his medical records are not subject to discovery because they are privileged under Tex.R.Civ.Evid. 509 and 510. In response, Mr. Smith contends the privileges in those two rules do not shield the records from disclosure and directs our attention to subsection (d)(6) of both rules. Subsection (d)(6) in each rule states that an exception to privilege exists when "the disclosure is *relevant* in any suit affecting the parent-child relationship" (emphasis added). Mr. Smith contends R.T.'s medical records are relevant to the issue of whether it is in the children's best interest to reside in his former wife's household.

■ The exception to the confidentiality privilege provided by rule 510(d)(6) applies to non-parties and parties alike. *Cheatham v. Rogers*, 824 S.W.2d 231, 234 (Tex. App.—Tyler 1992) (orig. proceeding) (the exception to privilege applied to a mental health professional). The exception set forth in rule 509(d)(6) is identically worded, and *Cheatham* is persuasive authority that the exception also applies to both parties and non-parties. *See K.P. v. Packer*, 826 S.W.2d 664, 665–66 n. 2 (Tex.App.—Dallas 1992) (orig. proceeding) and *Dossey v. Salazar*, 808 S.W.2d 146, 147 n. 1 (Tex.App.—Houston [14th Dist.] 1991) (orig. proceeding [leave denied]) (identically worded exceptions in rules 509(d)(4) and 510(d)(5) construed together).

■ The scope of discovery rests within the discretion of the trial court. *Ginsberg v. Fifth Court of Appeals*, 686 S.W.2d 105, 108 (Tex.1985). The standard of review applicable when a claim of privilege is sustained is whether the respondent judge clearly abused his discretion. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992).

■ Here, the only issue left after the parties entered their stipulation was whether the exceptions in subsection (d)(6) exempted R.T.'s records from the privilege from discovery. The narrow inquiry is: are the medical records of R.T. *relevant* to the suit affecting the parent-child relationship? *See* Tex.R.Civ.Evid. 509(d)(6), 510(d)(6).

The documents in question here were forwarded to this Court under seal. We have reviewed those documents with a careful eye and with the great care warranted when the welfare of children is at issue. Even upon that searching review, we are unable to say that the trial court clearly abused its discretion when it ruled that those documents are not relevant to any issue in the underlying proceeding and denied Dennis Smith access to those documents.

We deny Mr. Smith's motion for leave to file petition for writ of mandamus.