Opinion issued July 27, 2006 



















In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00489-CV
____________

RANDY G. CALHOUN, Appellant

V.

STEVEN YING, Appellee



 
On Appeal from the 157th Judicial District Court
Harris County, Texas
Trial Court Cause No. 2002-63496

 
 
MEMORANDUM OPINION
          Appellant, Randy G. Calhoun, challenges the trial court’s take-nothing
judgment, entered after a jury verdict, in his suit against appellee, Steven Ying, for
common law conversion and civil liability for theft.


 In one issue, Calhoun contends
that the trial court erred in quashing his discovery attempts and granting Ying’s
motion for protection of Ying’s financial records from discovery.
          We affirm.
Factual and Procedural BackgroundOn December 21, 2001, Calhoun and Joyce Ying-Calhoun, appellee’s sister,
divorced.


 In the divorce proceeding, as part of the family property settlement, the
family district court awarded Calhoun “125 ounces of maple leaf and American eagle
gold coins” that were “in the possession of Joyce Ying-Calhoun.” However, when
Ying-Calhoun surrendered the property in her possession pursuant to the divorce
decree, she gave Calhoun only 100 gold coins.
          On June 19, 2002, Calhoun filed a “Motion for Contempt and Clarification” in
the divorce proceeding, asserting that Ying-Calhoun had not surrendered the gold
coins and other personal property as ordered in the decree. Calhoun also served on
Ying a notice of intention to take his oral deposition, accompanied by a subpoena
duces tecum for certain financial records and other documents that Calhoun asserted
could show that Ying had sold the twenty-five gold coins that Ying-Calhoun had
failed to return. 
          At the deposition, Ying stated that he had brought all of the items requested in
the subpoena duces tecum within his possession, namely, his checkbook, which had
a few loose deposit slips inside. Calhoun’s counsel then suspended the deposition
pending a court ruling on the sufficiency of Ying’s compliance with the subpoena. 
          Calhoun then filed a motion in the divorce proceeding seeking to hold Ying in
contempt for failing to comply with the subpoena duces tecum. In response, Ying
filed an original answer to the motion for contempt, a motion for rule 13 sanctions,



a motion to quash Calhoun’s subpoena, and a motion for protection. In ruling on the
motions, the family district court dismissed Calhoun’s motion for contempt, ordered
him and his attorney to pay $500 in rule 13 sanctions,


 and quashed “the remainder
of [Ying’s] deposition.” The court further ordered that prior to any additional
deposition of Ying, “a ruling be obtained by motion, notice and hearing to determine
the scope of such additional discovery.” 
          On December 16, 2002, Calhoun filed the instant suit alleging that Ying had
entered his home and had taken and converted the twenty-five gold coins as well as
various other personal property. On February 10, 2003, Calhoun served Ying with
his first request for production, seeking the same financial records that he had
previously requested by the subpoena duces tecum at Ying’s deposition in the divorce
proceeding.


 On March 4, 2003, Ying filed a motion to quash, a motion for
protection, and a motion for rule 13 sanctions asserting that he had previously
“produced everything that he possessed at the time of the deposition that was
responsive to the subpoena duces tecum.” 
          On May 23, 2003, the trial court held a hearing on Ying’s three motions. At
the hearing, Ying presented the court with copies of two orders from the divorce
proceeding—the order quashing the remainder of Ying’s deposition in the divorce
proceeding and the order requiring Calhoun and his attorney to pay a sanction of
$500 to Ying’s counsel for Calhoun’s frivolous motion for rule 13 sanctions. The
trial court considered these documents over Calhoun’s objection that the copies were
“unauthenticated” and had not been served on Calhoun prior to the hearing. At the
conclusion of the hearing, the trial court granted Ying’s motion to quash and motion
for protection,


 but denied his motion for rule 13 sanctions. The trial court noted that
Calhoun had already had an opportunity to depose Ying and request Ying’s financial
records in the divorce proceeding. Thus, it protected Ying from identical discovery
requests in connection with Calhoun’s conversion and civil theft suit. However, the
trial court made clear that if Calhoun had “a new request that’s something new and
different . . . [Ying] can’t rely upon the [divorce proceeding] order if it’s something
new.” 
          On September 23, 2003, Calhoun served notice that he intended to subpoena
Ying’s brokerage account records from UBS Painewebber, Inc. Also, on October 7,
2003, Calhoun served Ying notice that he intended to subpoena Ying’s bank account
records from Bank One. On October 7, 2003, Ying again filed a motion to quash the
two subpoenas and a motion for protection, asserting that the request was overly
broad, irrelevant, and harassing. Nearly one year later, on September 1, 2004,
Calhoun filed a motion to compel discovery requesting that the trial court allow him
to subpoena Ying’s bank and brokerage account records. On September 3, 2004, the
trial court held a hearing on the motions. In response to Calhoun’s motion to
subpoena the records, Ying asserted that Calhoun had neither agreed to any
restrictions regarding the breadth of the production of Ying’s financial records nor
agreed to pay the costs associated with the production of such records. Calhoun’s
counsel agreed that he had objected to paying the cost of producing the records, but
stated that he “[could not] agree to spend [his] client’s money unfairly.” Finding that
Calhoun had not accepted Ying’s “legitimate compromise” to provide the financial
records at Calhoun’s expense, the trial court denied Calhoun’s motion to compel
discovery and granted Ying’s motion to quash and his motion for protection.
          On December 13, 2004, the jury trial began on Calhoun’s conversion and theft
suit. The jury returned a verdict of no liability on both theories of recovery and
awarded Ying attorneys’ fees.
Standard of Review
          We review the trial court’s rulings on discovery matters for an abuse of
discretion. In re CSX Corp., 124 S.W.3d 149, 152 (Tex. 2003); Smith v. Gayle, 834
S.W.2d 105, 107 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). A trial
court abuses its discretion if its ruling was arbitrary or unreasonable or it acted
without reference to guiding rules and principles. Gen. Tire, Inc. v. Kepple, 970
S.W.2d 520, 526 (Tex. 1998). A trial court abuses its discretion “by ordering
discovery that exceeds that permitted by the rules of procedure.” CSX Corp., 124
S.W.3d at 152. 
Discovery Orders
          In his sole issue, Calhoun argues that the trial court abused its discretion in
quashing his discovery attempts and in granting protection for Ying’s financial
records from discovery because it “based [its] orders on an erroneous finding that
[Ying] had previously responded to the same discovery requests in the Calhoun
divorce proceeding.” Ying counters that the trial court’s orders were appropriate
because he had already complied with the discovery request during the divorce
proceeding and the protection order was necessary to prevent unnecessary expense
and harassment.
          In general, a party may obtain discovery regarding any matter that is not
privileged and is relevant to the subject matter of the pending action. Tex. R. Civ. P.
192.3(a). The responding party is required “to produce a document or tangible thing
that is within the person’s possession, custody, or control.” Tex. R. Civ. P. 192.3(b). 
 “Possession, custody, or control of an item means that the person either has physical
possession of the item or has a right to possession of the item that is equal or superior
to the person who has physical possession of the item.” Tex. R. Civ. P. 192.7(b). 
The rule does not permit a trial court “to force a party to create documents which do
not exist, solely to comply with a request for production.” In re Guzman, 19 S.W.3d
524, 525 (Tex. App.—Corpus Christi 2000, no pet.) (citing In re Colonial Pipeline
Co., 968 S.W.2d 938, 942 (Tex. 1998)). Furthermore, this rule cannot be used to
force a party to make lists or reduce information to tangible form. In re Colonial
Pipeline Co., 968 S.W.2d at 942 (quoting McKinney v. Nat’l Union Fire Ins. Co., 772
S.W.2d 72, 73 n.2 (Tex. 1989)).
          In the divorce proceeding, Calhoun requested that Ying produce “all canceled
checks, money orders, deposit slips, checkbook ledgers, and bank statements for all
checking, savings, cash or other accounts . . . in your name or in the name of another,
at any financial institution since December 17, 2000.” Ying, after producing his
checkbook with a few loose deposit slips, testified at the deposition that “those
documents are not in my possession. I don’t know about them; I don’t have them. 
So there’s nothing to bring. I brought you all I have.” Ying further stated that he
does not save or organize his bank records. Thus, at the May 23, 2003 hearing, Ying
asserted that he had produced all responsive documents in his possession. Based on
this testimony, the trial court could have reasonably concluded that Ying had already
complied with the subpoena duces tecum seeking financial records.
          Calhoun also asserts that the discovery sought by him and responded to by
Ying in the divorce proceeding should not have controlled the discovery issue in this
case.


 However, this assertion is misplaced. A trial court abuses its discretion by
imposing a burden on the producing party to furnish duplicative documents. See
Colonial Pipeline, 968 S.W.2d at 941; Wheeler v. The Methodist Hosp., 95 S.W.3d
628, 644 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Here, in his first request for
production in the conversion and civil theft suit, Calhoun requested the same
financial records that he had, less than one year before, subpoenaed Ying to provide
in connection with the divorce proceeding. Accordingly, the trial court did not abuse
its discretion in granting Ying’s motion to quash Calhoun’s first request for
production pertaining to discovery he had previously propounded. 
          Next, we turn to Calhoun’s third-party discovery subpoenas, seeking to access
Ying’s financial records from the bank and brokerage firm. Initially, we note that
civil discovery of customer records maintained by a financial institution is governed
by section 59.006 of the Finance Code. Tex. Civ. Prac. & Rem. Code Ann.
§ 30.007 (Vernon Supp. 2005). Section 59.006 provides “the exclusive method for
compelled discovery of a record of a financial institution.” Tex. Fin. Code Ann.
§ 59.006(a) (Vernon Supp. 2005). The requesting party must file a record request
with the financial institution and pay the financial institution’s reasonable costs of
complying with the record request. Id. § 59.007(b)(1)–(2). 
          Here, the record reveals that the financial records that Calhoun requested were
not within Ying’s possession. Thus, these records were not within the scope of rule
196. See In re State Farm Mut. Auto. Ins. Co., 982 S.W.2d 21, 24 (Tex.
App.—Houston [1st Dist.] 1998, orig. proceeding) (stating that customer’s financial
records do not belong to customer but are possessed and owned by financial
institution). Ying had offered to give Calhoun access to the financial records
maintained by Ying’s bank but only if Calhoun paid for the bank’s costs. However,
Calhoun refused to pay the costs of such access. Section 59.006 of the Texas
Finance Code requires the party requesting financial records to pay the financial
institution’s reasonable costs. See Tex. Fin. Code Ann. § 59.006(b)(2) (Vernon
Supp. 2005). However, Calhoun refused to comply with this requirement.
Compliance with section 59.006 is a valid reason for granting a protective order. See
Enviro Prot., Inc. v. Nat’l Bank of Andrews, 989 S.W.2d 454, 456 (Tex. App.—El
Paso 1999, no pet.). Accordingly, we hold that the trial court did not abuse its
discretion in quashing Calhoun’s discovery attempts and granting protection for
Ying’s financial records from discovery. 
          We overrule Calhoun’s sole issue.Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             Terry Jennings
                                                             Justice 
 
Panel consists of Justices Jennings, Hanks, and Higley.