Opinion issued January 5, 2006












     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00573-CV




HANY ABDELNOUR, Appellant

V.

MID NATIONAL HOLDINGS, INC. AND MDS-MID NATIONAL, LTD.,
Appellees




On Appeal from the 334th District Court
Harris County, Texas
Trial Court Cause No. 2002-24102




O P I N I O N
          This is an appeal of a no-evidence summary judgment granted in favor of
appellees, Mid National Holdings, Inc. and MDS-Mid National, Ltd. [collectively,
“Mid-National”]. We affirm.
BACKGROUND
          In 1998, appellant, Hany Abdelnour, filed suit in Canada against Midanco
Canada, Inc. and Midanco (U.K.) [collectively, “Midanco”] and Joseph Zaidan,
alleging that they breached a contract to purchase Midanco stock from him. On May
20, 1998, the Canadian court granted a default judgment against Midanco for
$359,054 and against Zaidan for $129,054. On May 11, 2002, Abdelnour filed suit
against Mid-National here, contending that it was the alter-ego of Midanco and
Zaidan, and, therefore, should be responsible for payment of the debt created by the
Canadian judgment.
          On December 23, 2002, Zaidan, one of the Canadian defendants, filed a motion
in revocation of judgment, which requested that the Canadian court revoke the default
judgment. On December 27, 2002, the Canadian court entered an interim stay of
execution of the judgment pending a ruling on Zaidan’s motion in revocation. It is
undisputed that Zaidan’s motion in revocation is still pending in the Canadian court. 
As such, the default judgment has not yet been set aside, but Abdelnour is prohibited
from enforcing it.
 
 
PROPRIETY OF “NO EVIDENCE” MOTION FOR SUMMARY
JUDGMENT

          Mid-National filed a no-evidence motion for summary judgment, contending
that (1) Abdelnour cannot base his alter ego claims on an unenforceable underlying
claim; (2) Abdelnour’s alter-ego claims are barred by limitations; (3) Abdelnour does
not have standing to bring a suit to collect the Canadian court debt; and (4) there is
no evidence to show that Mid-National was Zaidan’s or Midanco’s alter-ego.
          The trial court granted Mid-National’s motion for summary judgment, and this
appeal followed. On appeal, Abdelnour contends the trial court erred in (1)
proceeding on the motion for summary judgment despite a pending motion to abate
or continue, (2) ruling that the underlying suit, upon which this suit is predicated, was
unenforceable; (3) ruling that Abdelnour did not have standing; (4) ruling that
Abdelnour’s claims were barred by limitations; and (5) granting Mid-National’s no-evidence summary judgment.
Standard of Review 
          A no-evidence motion for summary judgment is essentially a directed verdict
granted before trial, to which we apply a legal sufficiency standard of review. King
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750–51 (Tex. 2003); Jackson v. Fiesta
Mart, Inc., 979 S.W.2d 68, 70 (Tex. App.—Austin 1998, no pet.). In general, a party
seeking a no-evidence summary judgment must assert that no evidence exists as to
one or more of the essential elements of the non-movant’s claims on which it would
have the burden of proof at trial. Holmstrom v. Lee, 26 S.W.3d 526, 530 (Tex.
App.—Austin 2000, no pet.). Once the movant specifies the elements on which there
is no evidence, the burden shifts to the non-movant to raise a fact issue on the
challenged elements. Tex. R. Civ. P. 166a(i). A no-evidence summary judgment will
be sustained when (1) there is a complete absence of evidence of a vital fact, (2) the
court is barred by rules of law or of evidence from giving weight to the only evidence
offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more
than a scintilla, or (4) the evidence conclusively establishes the opposite of a vital
fact. King Ranch, 118 S.W.3d at 751. We view the evidence in the light most
favorable to the non-movant, disregarding all contrary evidence and inferences. Id.
          A no-evidence summary judgment is improperly granted if the non-movant
brings forth more than a scintilla of probative evidence to raise a genuine issue of
material fact. Id. When the evidence supporting a finding rises to a level that would
enable reasonable, fair-minded persons to differ in their conclusions, more than a
scintilla of evidence exists. Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706,
711 (Tex. 1997). A defendant who moves for summary judgment need only negate
one element of the plaintiff’s cause of action. See Gibbs v. Gen. Motors Corp., 450
S.W.2d 827, 828 (Tex. 1970).
          In its motion for summary judgment, Mid-National contended it was entitled
to summary judgment because there was no evidence to merit the submission of
Abdelnour’s alter-ego theory to the jury on any of the following elements:
          (1) unity in identity of shareholders, directors, officers, and employees;
          (2) failure to distinguish in ordinary business between the two entities;
          (3) failure to observe corporate formalities;
(4) whether operating capital of one corporation is provided by the other 
 corporation of whether the capital is borrowed from other sources;

          (5) the extent to which separate books and accounts have been kept;
          (6) whether the two entities have common departments of business;
(7) whether the two entities have separate meeting of shareholders and 
directors;
 
(8) whether an officer or director of one corporation is permitted to determine 
 the policies of the other; or

          (9) whether the two entities filed consolidated tax returns.
See Stewart & Stevenson Servs. v. Serv-Tech, 879 S.W.2d 89, 107 (Tex.
App.—Houston [14th Dist.] 1994, writ denied) (listing some factors available to
prove an alter-ego theory).
          Mid-National also contended there was no evidence to pierce the corporate veil
under a “sham to perpetuate a fraud” theory because there was no evidence that
Abdelnour had fallen victim to an unfair device by which a corporate entity has been
used to achieve an inequitable fault. See Lucas v. Texas Indus., Inc., 696 S.W.2d 372,
375 (Tex. 1984).
          Abdelnour responded to the motion for summary judgment, but did not offer
any summary judgment proof on any of the elements listed above in the “piercing the
corporate veil” theories of recovery. Instead, he attached (1) the Canadian judgment
and (2) an “affidavit” by Victor Doche, a former employee of Zaidan. The Doche 
“affidavit” was not notarized, was submitted to the court in camera, and was never
provided to Mid-National.
          We begin by noting that documents may be tendered in camera for the purpose
of obtaining a ruling on the admissibility of such documents. See Tex. R. Civ. P.
76a(2)(a)(1). Documents tendered under 76a(2)(a)(1) are not “court records” and
need not be given to the opposing party until the trial court rules on their
admissibility. However, the issue in this case is not the admissibility of the Doche
“affidavit.” Instead, the issue is whether Abdelnour may use the Doche “affidavit”
as evidence without making it public and showing it to Mid-National. We hold that
he may not. There is simply no provision whereby evidence, whether at trial or in a
summary judgment motion, may be held in camera, i.e., kept secret, absent a sealing
order under rule 76a, and, in any event, must be provided to opposing counsel. 
Because the Doche “affidavit” was never filed with the district clerk or provided to
Mid-National’s counsel, it is an ex parte communication. See Barnes v. Wittingham,
751 S.W.2d 493, 495 (Tex. 1988). This Court cannot properly consider any ex parte
communication, which has been submitted outside of, and is not part of, the appellate
record. Nguyen v. Intertex,Inc. 93 S.W.3d 288, 293 (Tex. App.—Houston [14th Dist.]
2002, no pet.).PROPRIETY OF DENIAL OF ABATEMENT OR CONTINUANCE
          In issue one, Abdelnour contends that the trial court erred in proceeding with
the motion for summary judgment despite the Canadian court’s stay of execution and
the pending motions to abate and/or continue the case. However, Abdelnour’s brief
on this issue contains no citations to authorities or the record.
          Texas Rule of Appellate Procedure 38.1(h) requires appellate briefs to “contain
a clear and concise argument for the contentions made, with appropriate citations to
authorities and to the record.” Issues on appeal are waived if an appellant fails to
support his contention by citations to appropriate authority or cites only to a single
non-controlling case. Wolfe v. C.S.P.H., Inc., 24 S.W.3d 641, 647 (Tex.
App.—Dallas 2000, no pet.); see also Tong v. State, 25 S.W.3d 707, 710 (Tex. Crim.
App. 2000). This rule does not prohibit an appellant from making a novel argument
for which there is no authority “directly on point.” However, a novel contention
must be grounded in analogous case law or provide a relevant jurisprudential
framework for evaluating the claim. See Tong, 25 S.W.3d at 710.
          Abdelnour’s brief provides no citation to the record, nor any discussion of
relevant or analogous authorities to assist the Court in evaluating its claim that the
trial court erred by proceeding with the motion for summary judgment. As such,
issue one on appeal is waived.
CONCLUSION
          In light of our dispositions of issues one and five, we need not address the
remaining issues on appeal, and we decline to do so. We affirm the judgment of the
trial court.
 
 
                                                             Sherry Radack
                                                             Chief Justice

Panel consists of Chief Justice Radack and Justices Alcala and Bland.